FILED

18 MAR -1 PM 2:20

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ AD
DEPUTY CLERK

FEMMY AKENE,
        **Plaintiff,**

-vs-

GOODWILL INDUSTRIES OF
CENTRAL TEXAS,
        **Defendant.**

CAUSE NO.:
A-17-CV-00360-SS

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant Goodwill Industries of Central Texas, Inc. (Goodwill)'s Motion to Exclude Evidence and Motion for Summary Judgment [#18], Plaintiff Femmy Akene's Response [#30] in opposition, and Goodwill's Reply [#31] in support. Having considered the case file and the applicable law, the Court enters the following opinion and orders.

### Background

This case relates to Goodwill's termination of Akene's employment from one of its stores in Austin, Texas. Am. Compl. [#11] at ¶ 7. Akene was educated as an accountant in Nigeria, and had over 20 years of accounting experience before starting at Goodwill on June 29, 2015. *Id.* at ¶ 14. According to his complaint, Akene refused financial reporting directives from his supervisors that he believed to be unlawful. *Id.* at ¶ 16. Thereafter, Akene received written warnings, counseling, and a 3-day suspension before he was terminated by Goodwill in 2016. *Id.* at ¶¶ 19–23. Goodwill contends it properly terminated Akene for failing to follow procedures and directives, while Akene asserts he was wrongfully discharged.



Akene commenced this lawsuit on April 19, 2017. Goodwill filed a motion to dismiss some of Akene's claims and another motion for a more definite statement for the other claims. *See* Mots. [##5, 6]. Akene did not respond to either motion. The Court granted Goodwill's motions in part, directing Akene to file an amended complaint within 20 days to address the deficiencies identified by Goodwill or risk dismissal of this lawsuit. *See* Order of Sep. 5, 2017 [#10]. Akene missed the Court's deadline, filing an amended complaint on October 2, 2017. *See* Am. Compl. [#11]. The amended complaint includes claims for age discrimination under the Age Discrimination in Employment Act (ADEA), race and national origin discrimination under Title VII, wrongful termination in violation of public policy, and retaliation and harassment. *Id.* at ¶¶ 33–49.

Goodwill filed a combined motion to exclude evidence and motion for summary judgment on January 12, 2018. *See* Mot. Summ. J. [#18]. Akene again failed to file a timely response. The Court nevertheless granted Akene's untimely request for an extension to the response deadline after Goodwill agreed to the extension. *See* Order of Feb. 8, 2018 [#26]. Akene filed a response [#27] to Goodwill's motion for summary judgment on the new deadline of February 16, 2018, followed by an amended response [#28], a corrected amended response [#29], and a seconded corrected amended response [#30] on February 20, 2018.[1] Goodwill's motions are now ripe for consideration.

## Analysis

### I.  Legal Standard—Summary Judgment

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact

---

[1] The Court will consider Akene's seconded corrected amended response [#30] in resolving the pending motions.

and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*

"Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## II.     Application

As indicated above, Goodwill seeks to exclude undisclosed evidence and moves for summary judgment on all claims. The Court will address Goodwill's motion for summary judgment first, followed by Goodwill's motion to exclude.

### A.     Motion for Summary Judgment

Akene's amended complaint includes claims for age discrimination under the ADEA, race and national origin discrimination under Title VII, wrongful termination in violation of public policy, and retaliation and harassment. As explained below, the Court concludes Goodwill is entitled summary judgment on all claims in this case.

#### 1.     Age discrimination under the ADEA

Akene contends Goodwill violated the ADEA by terminating Akene's employment because of his age. Am. Compl. [#11] at ¶¶ 33–37. Goodwill argues it is entitled to summary judgment because it has offered a legitimate, nondiscriminatory reason for terminating Akene, and because Akene has not presented a prima facie case under ADEA. Mot. Summ. J. [#18] at 8–9; Reply [#31] at 6.

To establish an age discrimination claim under the ADEA, a "plaintiff must show that (1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at

the time of discharge; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age." *Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004) (internal quotations and citations omitted). A plaintiff may demonstrate age discrimination with direct evidence or by an indirect or inferential method of proof. *Id.* After an employee presents a prima facie case, the burden shifts to the employer to provide a legitimate, nondiscriminatory reason for terminating employment. *Miller v. Raytheon Co.*, 716 F.3d 138, 144 (5th Cir. 2013). "If the employer satisfies this burden, the burden shifts back to the employee to prove either that the employer's proffered reason was not true—but was instead a pretext for age discrimination—or that, even if the employer's reason is true, he was terminated because of his age." *Id.*

Akene has failed to present a prima facie case of age discrimination under the ADEA. The amended complaint includes conclusory allegations Akene was terminated because of his age. Am. Compl. [#11] at ¶¶ 32–37. However, Akene's subjective beliefs that age played a role in his termination cannot establish a prima facie case under the ADEA. *See Vasquez v. Nueces County, Tex.*, 551 F. App'x 91, 94 (5th Cir. 2013) ("However, we have held that the subjective belief of a plaintiff is not sufficient to establish a prima facie case of discrimination under Title VII, the ADEA, or the TCHRA."). Setting aside Akene's subjective beliefs, there is no evidence Akene was replaced by someone outside the protected class, replaced by someone younger than him, or otherwise discharged because of his age. Moreover, Akene has failed to present even cursory facts—like his age, for example—to show he was within the protected class when he was terminated. For these reasons, Akene has failed to present a prima facie case under the ADEA and Goodwill is entitled to summary judgment on this claim. *See Kim v. Hospira, Inc.*, 709 F.

App'x 287, 289 (5th Cir. 2018) (affirming summary judgment when employee failed to present evidence to support a prima facie ADEA claim).

Even assuming Akene presented a prima facie case of age discrimination, Goodwill has offered a legitimate, nondiscriminatory reason for Akene's termination. Goodwill has presented evidence that Akene repeatedly violated its written policies, and Akene was disciplined on multiple occasions for such violations. Mot. Summ. J. [#18] at 8–9 (citing Exs. 4, 5, 7); *see also* Am. Compl. [#11] at ¶¶ 19–23 (documenting a series of disciplinary measures by Goodwill). Accordingly, Goodwill has presented evidence to shift the burden back on Akene to prove that either Goodwill's proffered reason was pretext for age discrimination or that he was terminated because of his age. *See Miller*, 716 F.3d at 144.

Akene has not created a genuine issue of material fact on whether Goodwill's proffered reason for his termination was pretextual. A plaintiff may show pretext either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or unworthy of credence. *Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374, 378–79 (5th Cir. 2010). However, such evidence must show "that age was the 'but for' cause of the challenged adverse employment action." *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 440 (5th Cir. 2012). Akene denies violating Goodwill's procedures, and also alleges another team leader under 40 was not written up. Resp. [#30] at 6–8. These conclusory assertions, without more, are insufficient for a reasonable jury to conclude Akene was terminated because of his age. *See Malcolm v. Vicksburg Warren Sch. Dist. Bd. of Trustees*, 709 F. A'ppx 243, 249 (5th Cir. 2017) (affirming summary judgment because of employee's failure to present competent summary judgment evidence on the question of pretext). Thus, Goodwill is entitled to summary judgement on Akene's ADEA age discrimination claim.

## 2. Race and national origin discrimination under Title VII

Akene asserts Goodwill violated Title VII by discriminating against him based on race and/or national origin by "subjecting him to disparate working conditions and denying him the opportunity to work in an employment setting free of discrimination and disparate treatment." Am. Compl. [#11] at ¶¶ 38–40. As with the ADEA claim above, Goodwill argues it is entitled to summary judgment because it has offered a legitimate, nondiscriminatory reason for terminating Akene. Mot. Summ. J. [#18] at 8–9. Goodwill also contends there is no evidence Akene was treated any differently than other Goodwill employees. Reply [#31] at 8.

Under Title VII, it is unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C.A. § 2000e-2(a)(1). A Title VII claimant can only prove disparate treatment by presenting evidence that he was treated less favorably than others outside of his protected class. *Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 427 (5th Cir. 2017), reh'g denied (Apr. 27, 2017).

Akene has failed to present a prima facie case of disparate treatment under Title VII. The disparate treatment claim in this case is premised on Goodwill allegedly subjecting Akene to disparate working conditions. However, Akene has no evidence to develop or substantiate the "disparate working conditions" underlying this claim. More importantly, there is no evidence other Goodwill employees outside of Akene's protected class were treated differently than Akene with respect to the alleged disparate conditions. Without direct or circumstantial evidence of disparate treatment, Akene's claim must fail. *See Alkhawaldeh*, 851 F.3d at 427 (affirming

summary judgment for employer because employee could not "prove that he was treated less favorably than others 'similarly situated' outside of his protected class").[2]

### 3. Wrongful termination in violation of public policy

Akene's third claim is for wrongful termination in violation of public policy. Am. Compl. [#11] at ¶¶ 41–45. Specifically, Akene contends Goodwill improperly terminated his employment for "refusing to commit an illegal act under Texas, federal or municipal law." *Id.* at ¶ 42. Goodwill requests summary judgment because the referenced laws were not violated and Akene lacks expert testimony to support his claim. Mot. Summ. J. [#18] at 11–13.

In general, "employment for an indefinite term may be terminated at will and without cause." *Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733, 734 (Tex. 1985) (citing *East Line & R.R.R. Co. v. Scott*, 72 Tex. 70, 75 (1888)). There is, however, a "narrow" public policy exception that an employer may not discharge "an employee for the sole reason that the employee refused to perform an illegal act." *Id.* A prima facie case of wrongful termination under the public policy exception set forth in *Sabine Pilot* requires a plaintiff show (1) he was required to commit an illegal act which carries criminal penalties; (2) he refused to engage in the illegality; (3) he was discharged; (4) the sole reason for his discharge was his refusal to commit an unlawful act. *White v. FCI USA, Inc.*, 319 F.3d 672, 676 (5th Cir. 2003).

Goodwill is entitled to summary judgment on Akene's claim under *Sabine Pilot* for several reasons. First, the statutes underlying Akene's claim as referenced in his amended complaint either do not exist or are not applicable to the facts of this case. *See* Am. Compl. [#11] at ¶ 42 (referencing "§§ 3.351 and 22.351 of the Texas Business Organizations Code"); *see also* Mot. Summ. J. [#18] at 8–9. Akene does not dispute this point, but instead attempts to

---

[2] The Court need not consider whether Goodwill has offered a legitimate, nondiscriminatory for termination because Akene has failed to present a prima facie case to shift the burden back to Goodwill on this issue.

salvage this claim by citing new statutes for the first time in his responsive briefing. *See* Resp. [#30] at 10 (referencing "Texas Bus. Code § 4.007 (a)(2)(B)," "Texas Bus. Code § 4.008," "Texas Bus. Code § 22.354," and "Texas Bus. Code §22.353"). Any claim based on these previously undisclosed statutes is untimely. Second, Akene has not submitted evidence Goodwill required him to commit unlawful acts, but instead relies on his own subjective interpretation to prove his case. Akene's subjective interoperation cannot support this claim. *See White v. FCI USA, Inc.*, 319 F.3d 672, 677 (5th Cir. 2003) (affirming dismissal of *Sabine Pilot* claim premised on employee's subjective interpretation of employer's remarks rather the employer's direction to commit unlawful acts). Third, Akene has presented no substantive evidence to refute Goodwill's alternative justification for this termination. *See id.* (affirming dismissal of *Sabine Pilot* claim because employee failed to "provide any substantive evidence" to refute employer's alternative rationale for termination). Finally, Akene has failed to allege or submit evidence that his refusal to perform unlawful acts was the sole reason for his termination. To the contrary, Akene's other claims in this case assert he was terminated for different reasons, including age, national origin, and race.

### 4. Retaliation and harassment under Title VII

Akene's final claim is for retaliation and harassment. Am. Compl. [#11] at ¶¶ 46–49. On summary judgment, Goodwill argues Akene was not subjected to a hostile work environment or retaliation. Mot. Summ. J. [#18] at 9–11. In response, Akene clarified his claim is for retaliation under Title VII based on Goodwill's "fail[ure] to provide me the same training and resources that the other Retail Team Leaders and Assistant Managers were receiving" after he refused to keep false records. *See* Resp. [#30] at 8–9. Akene dropped his claims for hostile workplace and harassment. *See id.* at 4.

To present a claim for Title VII retaliation, a plaintiff must show (1) he participated in an activity protected by Title VII; (2) he received an adverse employment action; and (3) a causal connection exists between the protected activity and the adverse action. *Soledad v. U.S. Dept. of Treasury*, 304 F.3d 500, 507 (5th Cir. 2002). An employee has engaged in protected activity under Title VII if he has (1) "opposed any practice made an unlawful employment practice by this chapter," or (2) "made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e–3(a). The employee must establish that "his or her protected activity was a but-for cause of the alleged adverse action by the employer." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013).

Akene has failed to present a prima facie case of retaliation under Title VII. First, Akene has not shown he participated in an activity protected by Title VII. As indicated above, Akene alleges retaliation because of his refusal to keep false records. Akene, however, has failed to cite any authority to support that refusing to keep false records is a protected activity under Title VII. There is no association between refusing to keep false records and the types of activity intended to for protection under Title VII. Second, Akene has failed to present evidence of but-for causation between his refusal to keep false records and his termination.

Aside from Akene failure to present a prima facie case for retaliation, Akene lacks evidence from which a jury could conclude Goodwill's legitimate, nondiscriminatory reason for termination is pretextual. *See supra* Section II.A.1. For the above reasons, Goodwill is entitled to summary judgment on this claim.

**B.    Motion to Exclude**

Goodwill has also moved to exclude any evidence Akene may offer in response to its motion for summary judgment because Akene has failed to file any disclosures as required by Rule 26(a). Mot. Summ. J. [#18] at 3–4.

Per the Court's scheduling order, Akene was required to serve his designation of witnesses, testifying experts, and proposed exhibits to Goodwill by November 3, 2017. *See* Order of Oct. 11, 2017 [#14]. Akene's expert witnesses were required to submit written reports by the same deadline, and discovery closed on December 29, 2017. *Id.*

As with most other deadlines in this case, Akene failed to file disclosures by the date set in the Court's scheduling order. Akene acknowledges his failure to meet the deadlines, but asserts such a failure is harmless "because Goodwill possesses all of the same evidence possessed by the plaintiff at this point in the litigation and thus does not suffer any undue prejudice or surprise by this omission." Resp. [#30] at 3.

The Court declines to consider the Goodwill's request to exclude Akene's evidence in light of the summary judgment opinion above. However, the Court considers Akene's repeated failure to comply with the Court's orders and deadlines as an alternative basis for dismissing this case.

## Conclusion

Accordingly,

IT IS ORDERED that Defendant Goodwill Industries of Central Texas, Inc. (Goodwill)'s Motion to Exclude Evidence and Motion for Summary Judgment [#18] is GRANTED in part as explained in this opinion; and

IT IS FINALLY ORDERED that all other pending motions are DISMISSED as moot.

SIGNED this the ___28___ day of February 2018.

_Sam Sparks_

SAM SPARKS
SENIOR UNITED STATES DISTRICT JUDGE